**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **Ellen Davis, Personal Representative of the Estate of Jerome Davis (Deceased),** | ) ) ) ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) ) | _____ |
| **v.** | ) ) | |
| **Gestamp South Carolina, LLC,** | ) ) | |
| **Defendant.** | | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Gestamp South Carolina, LLC ("Gestamp"), without making an appearance or conceding jurisdiction and with full reservation of all defenses and objections, gives notice of the removal of this action from the Court of Common Pleas for the Sixteenth Judicial Circuit, Union County, as Case No. 2023-CP-44-00032, to the United States District Court for the District of South Carolina. A copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A** and referenced herein.

In support of this notice of removal, Gestamp states as follows:

### I.     INTRODUCTION

1.     Plaintiff Ellen Davis, Personal Representative of the Estate of Jerome Davis ("Plaintiff" or "Davis"), commenced this action by filing her Complaint against Gestamp South Carolina, LLC in the Court of Common Pleas for the Sixteenth Judicial Circuit, Union County, South Carolina, Case No. 2023-CP-44-00032, on or about January 31, 2023. (*See* Ex. A, Complaint, Doc. 2).

2. Plaintiff's Complaint arises out of her late husband's employment with Gestamp.[1] (*Id.*).

3. In the Complaint, Plaintiff Ellen Davis alleges, with respect to her late husband's employment with Gestamp, that Gestamp committed breach of contract, invasion of privacy, and intentional infliction of emotional distress. (*Id.*, ¶¶ 29–47).

4. As a result, Plaintiff is claiming the following damages: compensatory damages; front pay; consequential damages; emotional distress and mental anguish; annoyance, inconvenience, humiliation, and loss of dignity damages; punitive damages; attorneys' fees and costs; and pre and post judgment interest on all amounts claimed. (*Id.*).

## II. TECHNICAL REQUIREMENTS FOR REMOVAL

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

6. On January 31, 2023, Plaintiff Ellen Davis filed her Complaint against Gestamp South Carolina, LLC titled *Ellen Davis, Personal Representative of the Estate of Jerome Davis v. Gestamp South Carolina, LLC*, in the Court of Common Pleas for the Sixteenth Judicial Circuit, Union County, South Carolina, Case No. 2023-CP-44-00032 ("State Court Action"). (*See* Ex. A, Complaint, Doc. 2).

7. Defendant Gestamp South Carolina, LLC was served on February 6, 2023.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Gestamp South Carolina received a copy of the Complaint.

---

[1] Without waiving any defenses or objections, Gestamp South Carolina, LLC is the proper defendant to this action. Gestamp South Carolina, LLC is filing an Answer to Plaintiff's Complaint.

9. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. The United States District Court for the District of South Carolina, is the federal judicial district Spartanburg division embracing the Court of Common Pleas in and for Union County, South Carolina, where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 1332(a)(2) and § 1441(a).

10. Moreover, as discussed more fully below, this Court has original jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of a state, defendant is citizens of a foreign state, and the amount in controversy will likely meet the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

### III.    DIVERSITY JURISDICTION

11. This case is properly removable pursuant to 28 U.S.C. § 1332 because the amount-in-controversy will likely meet the $75,000.00 threshold, and the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(2).

#### A.    Plaintiff and Gestamp South Carolina, LLC are Completely Diverse.

12. Complete diversity exists between Plaintiff Davis and Gestamp South Carolina, LLC.

13. Under § 1332(a)(2), the parties are diverse when the plaintiff is a citizen of a state and the defendants are citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(2).

14. At the time Plaintiff Davis commenced this action, and at all times since, she has been a citizen of South Carolina for purposes of diversity jurisdiction. (*See* Ex. A, Doc. 2, ¶ 3).

15.     At the time the Plaintiff commenced this action, and at all times since, for purposes of diversity jurisdiction, the ultimate member[2] of Gestamp South Carolina, LLC has been a citizen of Troy, Michigan. (*See* Declaration of Rachel Pressley, attached as Ex. B).

16.     For purposes of diversity jurisdiction, the citizenship of an artificial entity other than a corporation is coextensive with the citizenship of all of its members or partners. *Vest v. RSC Lexington, LLC*, No. 3:16-cv-3018-CMC, 2016 U.S. Dist. LEXIS 156176, at *4-5 (D.S.C. Nov. 10, 2016) (citing *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016)).

17.     The sole member of Gestamp South Carolina, LLC is Gestamp North America, Inc.

18.     "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. 1332(c)(1). "Principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). Gestamp North America, Inc., the sole member of Gestamp South Carolina, LLC, has its principal place of business in Troy Michigan. (*See* Declaration of Rachel Pressley, attached as Ex. B). Thus, Defendant Gestamp South Carolina, LLC is a citizen of Michigan.

19.     Accordingly, for purposes of diversity jurisdiction, because the "ultimate member"[3] of Gestamp South Carolina, LLC is citizen of Michigan, and because the Plaintiff is a citizen of South Carolina, the parties are completely diverse under 28 U.S.C. § 1332.

---

[2] "Ultimate member" is a simplified description of the ownership of this entity. To clarify, Gestamp South Carolina, LLC is a single-member LLC, and its sole member is a citizen of Troy. Michigan.

[3] *See* FN 2 for clarification regarding the meaning of "ultimate members" as used herein.

4

**B.     The Amount in Controversy Exceeds $75,000.00.**

20.     Removal is also proper because the amount in controversy will likely meet the $75,000.00 jurisdictional threshold, exclusive of interest and costs. In her Complaint, Plaintiff seeks an unspecified amount of compensatory and punitive damages. When a plaintiff's complaint is silent as to the amount of damages, a defendant seeking removal to federal court based on diversity jurisdiction need show only, by preponderance of the evidence, that over $75,000 is likely at stake in the litigation to satisfy § 1332's amount in controversy requirement. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

21.     Here, Gestamp maintains that Plaintiff is not entitled to any recovery against it. Nevertheless, it is apparent from the face of Plaintiff's Complaint and the allegations of injuries and damages contained therein that if Plaintiff's claim would be successful, the amount in controversy would more likely than not meet the $75,000.00 threshold. *See Francis v. Allstate Ins. Co.*, 709 F.3d at 367.

22.     In her Complaint, Plaintiff seeks to recover compensatory damages; special damages; emotional distress; punitive damages; attorney fees and costs. (*See* Ex. A, Doc. 2, p. 8). The amount in controversy certainly meets the jurisdictional requirement. *See Sword v. Strata Mine Servs., LLC*, 2017 U.S. Dist. LEXIS 153935, *5 (S.D. W. Va., Sept. 21, 2017) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83 (2014) (holding that a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold)).

23.     Accordingly, for purposes of this removal, the face of the Complaint establishes that the amount in controversy more likely than not meets the $75,000.00 threshold, exclusive of interest and costs. *See Vogt v. Macy's Inc.*, No. 3:19-CV-69, 2020 U.S. Dist. LEXIS 244907, at

5

*11 (N.D.W. Va. Mar. 17, 2020) (holding "it is clear the [p]laintiff's intentional infliction of emotional distress claim, along with her four other claims [false advertising, breach of contract, negligence, and obstruction of justice] satisfy the amount in controversy for diversity jurisdiction.")

24. For clarity, Gestamp South Carolina, LLC denies Plaintiff is entitled to any of the damages or relief described above, but asserts for the purposes of this motion for removal, that Plaintiff's Complaint alleged claims would satisfy the amount-in-controversy requirement needed for this Court to exercise jurisdiction over this matter.

25. Accordingly, this case is properly removable because it is between a citizen of one state and citizens of a foreign state and the amount in controversy meets the jurisdictional threshold.

## IV. OTHER REQUIREMENTS FOR REMOVAL

26. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as Exhibit A.

27. Contemporaneously with the filing of this Notice of Removal, Gestamp South Carolina, LLC will provide Plaintiff, by and through its counsel of record, with written notice of the filing of this Notice of Removal as required under 28 U.S.C. § 1446(d). Further, Gestamp South Carolina, LLC will file a Notice of Removal timely with the Court of Common Pleas, Union County, South Carolina, where the action was pending.

28. The proper filing fee has been tendered to the Clerk of the United States District Court of the District of South Carolina.

29. All prerequisites for removal have been met.

## V. ADOPTION AND RESERVATION OF DEFENSES

30. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of Gestamp South Carolina's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE,** Gestamp South Carolina, LLC requests that this Court take cognizance and jurisdiction of this cause and enter any and all Orders necessary to effectuate the removal of this cause to this Honorable Court.

Respectfully submitted this 8th day of March, 2023.

Respectfully submitted,

s/ *Richard J. Morgan*
Richard J. Morgan, (Fed. ID No. 1266)
rmorgan@burr.com
Chandler E. Aragona (Fed. ID No. 13561)
caragona@burr.com
Burr & Forman LLP
1221 Main St., Suite 1800 (29201)
P.O. Box 11390 (29211)
Columbia, South Carolina
803.799.9800

Attorneys for Defendants